UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JUDICIAL WATCH, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Case No. 15-1983 (RJL) |
| | ) | |
| UNITED STATES DEPARTMENT | ) | |
| OF HOMELAND SECURITY, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

(September 29, 2016) [Dkt. # 11]

FILED
SEP 29 2016
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

Plaintiff Judicial Watch Inc. filed a two-count FOIA complaint against the United States Department of Homeland Security ("DHS") on November 10, 2015. *See generally* Compl. [Dkt. # 1]. Count One is a "traditional" FOIA claim, in which Judicial Watch alleges DHS is violating its FOIA obligations by unlawfully withholding records responsive to plaintiff's 19 FOIA requests. Compl. ¶¶ 8, 18–20. In Count Two, Judicial Watch alleges that DHS has a "policy and practice of violating FOIA's procedural requirements in connection with the processing of Plaintiff's requests and, in particular, of regularly failing or refusing to produce requested records or otherwise demonstrate that requested records are exempt from production within the time period required by FOIA or at least within a reasonable period of time." Compl. ¶ 22. On February 12, 2016, DHS moved for judgment on the pleadings with regard to plaintiff's "policy and practice" claim. Def.'s Mot. for J. on the Pleadings on Pl.'s "Policy and Practice" Claim [Dkt. # 11]. Upon consideration of the pleadings, record, and relevant law, I find that plaintiff's policy and

practice claim should be dismissed for failure to state a claim. Therefore, DHS's motion is GRANTED, and Count II of the Complaint is DISMISSED. In addition, because DHS has produced all of the responsive, non-exempt requested documents, Count I of the Complaint no longer presents a live case or controversy and must also be DISMISSED.

## BACKGROUND

At issue in this case are 19 travel-related FOIA requests sent by Judicial Watch to the Secret Service since July 2014. Compl. ¶¶ 8–9 & Ex. A. Judicial Watch asserts two counts in its Complaint. First, it alleges that DHS is violating FOIA by unlawfully withholding records responsive to Judicial Watch's 19 FOIA requests. *Id.* ¶¶ 18–20. Second, Judicial Watch claims that DHS has a "policy and practice of violating FOIA's procedural requirements in connection with the processing of Judicial Watch's FOIA requests and, in particular, of regularly failing or refusing to produce requested records or otherwise demonstrate that requested records are exempt from production within the time period required by FOIA or at least within a reasonable period of time." *Id.* ¶ 22. Judicial Watch seeks the normal relief sought in a FOIA request—that the Court enjoin DHS from continuing to withhold any non-exempt records responsive to each of Judicial Watch's FOIA requests, and other associated relief. *Id.* ¶ 23. Judicial Watch further asks the Court to enjoin DHS from "failing or refusing to produce all non-exempt records responsive to Judicial Watch's FOIA requests or otherwise demonstrate that requested records are exempt from production within the time period required by FOIA or at least within a reasonable period of time." *Id.*

## STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 12(c), judgment on the pleadings is warranted where "the moving party demonstrates that no material fact is in dispute and that it is entitled to judgment as a matter of law". Fed. R. Civ. P. 12(c); *Peters v. Nat'l R.R. Passenger Corp.*, 966 F.2d 1483, 1485 (D.C. Cir. 1992.) A Rule 12(c) motion is "functionally equivalent" to a Rule 12(b)(6) motion to dismiss for failure to state a claims, and is governed by the same standard.[1] *Rollins v. Wackenhut Servs., Inc.*, 703 F.3d 122, 130 (D.C. Cir. 2012); *Silver v. Am. Safety Indem. Co.*, 31 F. Supp. 3d 140, 145 (D.D.C. 2014). When deciding a motion to dismiss under Rule 12(b)(6), the Court must ascertain whether the complaint contains "sufficient factual matter, accepted as true, to state a claim that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citations omitted.) A complaint that alleges facts that are "merely consistent" with liability fails to meet the plausibility standard. *Id.* Although the Court must read the complaint's factual allegations in the light most favorable to the plaintiff, *Bell Atlantic Co. v. Twombly*, 550 U.S. 544, 555 (2007), the Court is not required to "accept legal conclusions cast in the form of factual allegations," or to rely on inferences "unsupported by the facts set out in the complaint." *Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276

---

[1] Judicial Watch suggests that DHS converted its Rule 12(c) motion for judgment on the pleadings into a Rule 56 motion for summary judgment when it filed a witness declaration in response to Judicial Watch's Motion for Leave to Take Discovery [Dkt # 13]. Pl.'s Reply in Supp. of Mot. for Leave to Take Disc., at 2 n. 2 [Dkt # 19]. This is incorrect, as I did not consider the filed declaration in deciding this motion. *See Herron v. Veneman*, 305 F. Supp. 2d 64, 70 (D.D.C. 2004) ("A motion to dismiss is not automatically transformed into a motion for summary judgment simply because matters outside the pleadings are filed. The issue is, rather, whether the Court took cognizance of them." (internal quotation marks and citations omitted)).

(D.C. Cir. 1994). Thus, to withstand dismissal, the allegations, when read in a light most favorable to the plaintiff, must "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

## ANALYSIS

I.  **Judicial Watch Alleges Facts That Are Insufficient to Establish a FOIA Policy and Practice Claim.**

Count II of Judicial Watch's Complaint alleges that DHS has a "policy and practice" of violating FOIA by failing to produce records "within the time period required . . . or at least within a reasonable time." Compl. ¶ 22. In the FOIA context, claims are normally mooted when the agency produces all requested documents to the requesting party. *Perry v. Block*, 684 F.2d 121, 125 (D.C. Cir. 1982) ("[O]nce all requested documents are surrendered, federal courts have no further statutory function to perform."). However, our circuit court recognizes "policy and practice" claims as an exception to this general rule, and holds that FOIA claims cannot be mooted by an agency's release of documents when the "refusal to supply information evidences a policy or practice of delayed disclosure or some other failure to abide by the terms of [] FOIA, and not merely isolated mistakes. . . ." *Payne Enters., Inc. v. United States*, 837 F.2d 486, 491 (D.C. Cir. 1988).

Judicial Watch has failed to allege sufficient facts to state a "policy and practice claim." As explained by one of my colleagues on this Court, a plaintiff seeking to state a "policy and practice" claim "must . . . allege facts . . . establishing that the agency has *adopted, endorsed, or implemented* some policy or practice that constitutes an ongoing failure to abide by the terms of FOIA." *Muttitt v. U.S. Dep't of State*, 926 F. Supp. 2d 284,

293 (D.D.C. 2013) (emphasis added). In support of its claim, Judicial Watch alleges that, at the time it filed its Complaint in November 2015, DHS had yet to make a determination on 19 FOIA requests that were submitted between July 2014 and August 2015. Taken by itself, this allegation is insufficient to show that DHS "adopted, endorsed, or implemented" a policy of violating FOIA's requirements. Judicial Watch points to no fact or statement to establish *why* the requests were delayed or *how* the delays were the result of an either formal or informal DHS policy or practice to violate FOIA's requirements, rather than an inevitable but unintended delay attributable to a lack of resources. Rather than allege facts that, if true, would establish a policy or practice of violating FOIA, Judicial Watch simply jumps to the ultimate legal conclusion and asserts that such a policy exists.[2] However, the Court is not required to "accept legal conclusions cast in the form of factual allegations," and I decline to do so here.

At best, Judicial Watch's alleged facts are merely consistent with a policy or practice claim. Judicial Watch explicitly conceded this in its Opposition to DHS's Motion for Judgment when it agreed that the 19 delayed requests "could be the result of a policy or practice" or could be attributable to "any of the hosts of reasons suggested by Defendant." Pl.'s Opp'n to Mot. for J. on the Pleadings, at 6 [Dkt. # 14] Allegations that are merely

---

[2] Judicial Watch argues that "[w]hether an agency has a policy or practice is not a legal conclusion . . . that can be judged on the pleadings," but instead presents a disputed material fact that requires "evidentiary inquiry." Pl.'s Opp'n to Mot. for J. on the Pleadings, at 7 [Dkt. #14]. But that argument ignores the fact that Judicial Watch failed to meet the threshold Rule 12(b)(6) requirement of alleging facts that would support a plausible claim on which relief could be granted. At this stage in the proceedings, Judicial Watch's claim that DHS had a "policy and practice" of violating FOIA, without more in the way of supporting factual allegations, is in fact a conclusory legal assertion that the Court need not accept.

5

consistent with liability fail to meet Rule 12(b)(6)'s plausibility standard, and as a result, Judicial Watch's policy and practice claim must be dismissed. *Iqbal*, 556 U.S. at 678.

## II. Plaintiff Does Not Allege the Egregious, Intentional Conduct Recognized in *Payne Enterprises*.

Plaintiff's policy and practice claim appears to be premised on an incorrect belief that agency delay by itself serves as sufficient evidence of an unlawful agency policy or practice of violating FOIA. However, *Payne Enterprises* and subsequent cases recognizing policy and practice claims involved more egregious, intentional agency conduct than mere delay. In *Payne Enterprises*, the Air Force officers responsible for processing FOIA requests persisted in withholding documents from requesters well after the Secretary of the Air Force had determined that the invoked statutory exemptions did not apply, and the court therefore permitted a policy and practice claim to go forward so as to prevent ongoing injury. 837 F.2d at 488–90. *See also Newport Aeronautical Sales v. Dept. of the Air Force*, 684 F.3d 160, 164 (D.C. Cir. 2012) (permitting policy and practice claim when requester alleged that Air Force had routine policy of unlawfully denying FOIA requests for certain types of data in order to force requester to obtain data through a more restrictive DOD process). Judicial Watch does not allege any agency policy or practice, either formal or informal, that rises to the level recognized in *Payne* or *Newport*, and cannot rest on the mere fact of delay alone to establish a claim.

### III.   The Remainder of the Complaint Must Be Dismissed as Moot.

Although DHS only moved for judgment on Count II, the Court is compelled to dismiss Count I of the Complaint as well. Unlike Count II, which alleges that DHS has a policy and practice of delaying responses to FOIA requests, Count I is a traditional FOIA claims alleging that DHS violated FOIA by unlawfully withholding records responsive to 19 travel-related requests. Compl. ¶ 18–20. Neither DHS nor Judicial Watch has formally moved to dismiss or withdraw Count I, but the parties have jointly represented to the Court "that Count I of the complaint has been satisfied by the DHS's production of all of the requested, responsive non-exempt records." Jt. Mot. to Vacate Summ. J. Briefing Schedule, at ¶ 5 [Dkt. # 17].

As a result, Count I no longer presents a live case or controversy for the Court to resolve, and therefore it must be dismissed for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3) (instructing Court to dismiss an action "at any time" it determines subject matter jurisdiction is lacking); *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990) (holding that parties "must continue to have a personal stake in the outcome of the lawsuit" throughout all stages of litigation for the Court to sustain jurisdiction of the case."(internal quotation marks and citations are omitted)); *Bayala v. U.S. Dep't of Homeland Security*, 827 F.3d 31, 34 (D.C. Cir. 2016) ("In the FOIA context, . . . once all the documents are released to the requesting party, there no longer is any case or controversy.")

## CONCLUSION

For the foregoing reasons, the Court GRANTS defendant's Motion for Judgment on the Pleadings and DISMISSES both counts of the Complaint. An Order consistent with this decision accompanies this Memorandum Opinion.

> /s/ Richard J. Leon
> RICHARD J. LEON
> United States District Judge